UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND, NORTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF MARYLAND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| AAI CORPORATION, CITY OF BALTIMORE, MARYLAND, CSX REALTY DEVELOPMENT, LLC, CSX TRANSPORTATION, INC., INDUSTRIAL ENTERPRISES, INC., PULASKI & 68TH STREET, LLC, BROWNING-FERRIS, INC., ACME MARKETS INC., AIR PRODUCTS AND CHEMICALS, INC., AK STEEL CORPORATION, ALCATEL-LUCENT USA INC., ALCOLAC INC., NOW KNOWN AS SOLVAY USA INC. BALTIMORE GALVANIZING CO., INC., BALTIMORE GAS & ELECTRIC COMPANY, BEAZER EAST, INC., BRUNSWICK CORPORATION, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, CROWN CORK & SEAL COMPANY, INC., EXXON MOBIL CORPORATION, HONEYWELL INTERNATIONAL INC., INTERNATIONAL PAPER COMPANY, THE JOHNS HOPKINS HOSPITAL, THE JOHNS HOPKINS HEALTH SYSTEM CORPORATION, THE JOHNS HOPKINS UNIVERSITY, LOCKHEED MARTIN CORPORATION, NOXELL CORPORATION, PITNEY BOWES INC., PPG INDUSTRIES, INC., ARKEMA INC., SMITHFIELD FOODS, INC., SALA INVESTMENT LIMITED PARTNERSHIP, SALA INVESTMENT, LLC, BP PRODUCTS NORTH AMERICA INC., CONSTELLATION POWER SOURCE GENERATION, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

GENERAL ELECTRIC COMPANY,                                )
LOCKE INSULATORS, INC.,                                  )
VERIZON MARYLAND, LLC,                                   )
WASTE MANAGEMENT OF MARYLAND, INC.,                      )
MULLAN ENTERPRISES, INC.,                                )
BLACK AND DECKER (U.S.) INC.,                            )
CONAGRA GROCERY PRODUCTS COMPANY, LLC, and               )
ILLINOIS TOOL WORKS, INC.,                               )
                                                         )
                                                         )
        Defendants.                                      )
_____      )

## **COMPLAINT**

The United States of America, by and through the undersigned attorneys, by the authority

of the Attorney General of the United States, and at the request of and on behalf of the United

States Environmental Protection Agency ("U.S. EPA"), and the Federal Natural Resource

Trustees, including the U.S. Department of the Interior ("DOI"), acting by and through the U.S.

Fish and Wildlife Service, and the U.S. Department of Commerce, acting by and through the

National Oceanic and Atmospheric Administration ("NOAA"), and the State of Maryland, by

and through the Attorney General of Maryland and its undersigned attorneys, at the request of

and on behalf of the State Natural Resource Trustees, namely the Maryland Department of

Natural Resources ("MDNR") and the Maryland Department of the Environment ("MDE"),

allege the following:

## **STATEMENT OF THE CASE**

1.      This is a civil action brought pursuant to Sections 106 and 107(a) of the

Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9606

and 9607(a), as amended ("CERCLA"), relating to the 68th Street Dump Superfund Alternative

Site ("the Site") located in Baltimore County, Maryland.  Pursuant to Section 106 of CERCLA,

42 U.S.C. § 9606, the United States seeks injunctive relief requiring Defendants to take action to abate conditions that may pose an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at or from the Site. In addition, the United States seeks to recover unreimbursed costs incurred by it for activities undertaken in response to the release or threatened release of hazardous substances and related contamination at and from the Site, and the United States and the State of Maryland seek to recover costs to undertake the restoration required to address injuries to natural resources and their services as a result of these hazardous substance releases, pursuant to Sections 107(a) and (f) of CERCLA, 42 U.S.C. § 9607(a) and (f).

The release of CERCLA hazardous substances and related contamination into the environment, both at and from this Site, has caused natural resource damages to the Trustees' resources within the meaning of CERCLA. The releases alleged herein affected, and continue to adversely affect and threaten, natural resources within the jurisdiction of the United States and the State of Maryland. As such, these Defendants are responsible and strictly liable for all remedial costs and natural resource damages relating to the destruction of and loss of natural resources caused by their releases, including the cost of the Trustees' natural resource damage assessment and the cost of required restoration, in accordance with Sections 107(a) and (f)(1) of CERCLA, 42 U.S.C. § 9607(a) and (f)(1), as well as under applicable regulations at 43 C.F.R. Part 11 and under State law. Finally, the United States and the State of Maryland seek a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that Defendants are liable for any future response costs that the United States and the State of Maryland may incur in connection with response actions that may be performed pertaining to the Site.

3

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) and (c) because the claims arose and the threatened or actual releases of hazardous substances occurred in this district.

## DEFENDANTS

4.      Defendant City of Baltimore, Maryland, ("Baltimore") currently owns portions of the Site, including all or part of Parcels 213, 340, and 10, which it acquired through purchase. Hazardous substances were found at the portions of the Site owned by Defendant City of Baltimore, Maryland.  Baltimore also arranged for the disposal of hazardous substances at the Site, as the result of municipal trash incineration it operated.  Hazardous substances consistent with the incineration of municipal trash have been found at the Site.

5.      Defendant CSX Realty Development, LLC, formerly known as CSX Realty Development Corporation, is a Georgia limited liability company that currently owns a portion of the Site at which hazardous substances were found.

6.      Defendant CSX Transportation, Inc. is a Virginia corporation that currently owns a portion of the Site at which hazardous substances were found.

7.      Defendant Industrial Enterprises, Inc. ("Industrial Enterprises") is a Maryland corporation that has in the past owned a portion of the Site and currently owns a portion of the

Site.  Hazardous substances have been found at the portions of the Site owned by Industrial Enterprises.

8.     Defendant Pulaski & 68th Street, LLC is a Maryland limited liability company that currently owns a portion or portions of the Site at which hazardous substances have been found.

9.     Defendant Browning-Ferris, Inc. ("BFI") is a Maryland corporation which is the successor in interest to Refuse Disposal, Inc., which was an operator of the Site at the time hazardous substances were disposed of at the Site.  BFI is also a successor in interest to Robb Tyler, Inc., which transported hazardous substances to the Site.

10.     Defendant AAI Corporation ("AAI") is a Maryland corporation which is a successor in interest to Aircraft Armaments, Inc. and AAI Corporation[1] ("AAI Corporation #1"), which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the type associated with AAI's waste have been found at the Site.

11.     Defendant Acme Markets, Inc. ("Acme") is a Delaware corporation which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the type associated with Acme's waste have been found at the Site.

12.     Defendant Air Products and Chemicals, Inc. ("APC") is a Delaware corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with APC's waste have been found at the Site.

---

[1] AAI Corporation ("AAI Corporation #1) was a predecessor to AAI with the same name, though the corporation took other forms in intervening years between AAI Corporation #1 and AAI.

13.     Defendant AK Steel Corporation is a Delaware corporation which is a successor in interest to Armco, Inc. ("Armco"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Armco's waste have been found at the Site.

14.     Defendant Alcatel-Lucent USA Inc. is a Georgia corporation which is a successor in interest to Western Electric Company, Inc. ("Western Electric"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Western Electric's waste have been found at the Site.

15.     Defendant Alcolac Inc. ("Alcolac"), now known as Solvay USA Inc., is a Georgia corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Alcolac's operations have been found at the Site.

16.     Defendant Baltimore Galvanizing Co., Inc. ("Baltimore Galvanizing") is a Maryland corporation which arranged for disposal of hazardous substances on its property near the Site, which then migrated to the Site.  Hazardous substances of the types associated with Baltimore Galvanizing's waste have been found at the Site.

17.     Defendant Baltimore Gas & Electric Company ("BG&E") is a Maryland company which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with BG&E's operations have been found at the Site.

18.     Defendant Beazer East, Inc.  ("Beazer East") is a Delaware corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Beazer East's operations have been found at the Site.

19.     Defendant Brunswick Corporation ("Brunswick") is a Delaware corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Brunswick's operations have been found at the Site.

20.     Defendant Chevron Environmental Management Company ("Chevron"), for itself and as Attorney-in-Fact for Kewanee Industries, Inc. ("Kewanee"), is a California corporation and a successor to Kewanee.  Kewanee arranged for disposal of hazardous substances at the Site. Hazardous substances of the types associated with Kewanee's operations have been found at the Site.

21.     Defendant Crown Cork & Seal Company, Inc.  is a Pennsylvania corporation which is a successor in interest to Crown Cork & Seal Company of Baltimore ("CC&S-Balt") and Crown Cork & Seal Company (New York) ("CC&S (NY)"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with CC&S-Balt and CC&S (NY)'s operations have been found at the Site.

22.     Defendant Exxon Mobil Corporation is a New Jersey corporation which is a successor in interest to Standard Oil Company of New Jersey ("Standard Oil"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Standard Oil's operations have been found at the Site.

23.     Defendant Honeywell International Inc. is a Delaware corporation which is a successor in interest to Allied Chemical, Inc. ("Allied Chemical"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Allied Chemical's operations have been found at the Site.

24.     Defendant International Paper Company is a Delaware company which is a successor in interest to Lord Baltimore Press ("LBP"), which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with LBP's operations have been found at the Site.

25.     Defendant The Johns Hopkins Hospital is a Maryland corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Johns Hopkins Hospital's operations have been found at the Site.

26.     Defendant The Johns Hopkins Health System Corporation ("Johns Hopkins Health") is a Maryland corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Johns Hopkins Health's operations have been found at the Site.

27.     Defendant The Johns Hopkins University ("Johns Hopkins University") is a Maryland corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Johns Hopkins University's operations have been found at the Site.

28.     Defendant Lockheed Martin Corporation ("Lockheed Martin") is a Maryland corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Lockheed Martin's operations have been found at the Site.

29.     Defendant Noxell Corporation ("Noxell") is a Maryland company which was formerly known as Noxema Chemical Company.  Noxell arranged for disposal of hazardous

substances at the Site.  Hazardous substances of the types associated with Noxell's operations have been found at the Site.

30.     Defendant Pitney Bowes Inc. ("Pitney Bowes") is a Delaware corporation which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Pitney Bowes operations have been found at the Site.

31.     Defendant PPG Industries, Inc. ("PPG") is a Pennsylvania corporation which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the types associated with PPG's operations have been found at the Site.

32.     Defendant Smithfield Foods, Inc. is a Virginia corporation which is a successor in interest to Esskay, Inc. ("Esskay"), which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Esskay's operations were found at the Site.

33.     Verizon Maryland, LLC ("Verizon") is a Delaware corporation which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the types associated with Verizon's operations were found at the Site.

34.     Defendant Waste Management of Maryland, Inc. is a Maryland corporation which is a successor in interest to F.P.R. Bohanger & Sons, Inc. which transported hazardous substances to the Site.

35.     Defendant Mullan Enterprises, Inc. is a Maryland corporation that currently owns a portion of the Site at which hazardous substances were found.

36.     Defendant Black and Decker (U.S.) Inc. ("Black & Decker") is a Maryland corporation which is a successor in interest to Black and Decker Manufacturing Company, which operated the Black & Decker US Power Tools business, which arranged for disposal of hazardous substances at the Site.  Hazardous substances associated with Black & Decker's operations have been found at the Site.

37.     Defendant ConAgra Grocery Products Company, LLC is a Delaware limited liability corporation which is a successor in interest to the Farboil Company, a Maryland corporation ("Farboil-MD"), which arranged for disposal of hazardous substances at the Site. Hazardous substances associated with Farboil-MD's operations were found at the Site.

38.     Defendant Illinois Tool Works, Inc. ("Illinois Tool") is a Delaware corporation which is a successor in interest to Signode Steel, Signode Steel Strapping and/or Signode Supply (collectively "Signode") and Vulcan-Hart.  Signode and/or Vulcan-Hart arranged for the disposal of hazardous substances at the Site.  Hazardous substances associated with Signode and Vulcan-Hart's operations have been found at the Site.  Signode then merged into Illinois Tool in 1994.

39.     Defendant Arkema Inc. ("Arkema") is a Pennsylvania corporation which is a successor in interest to M&T Chemicals, which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the types associated with operations on Arkema's property were found at the Site.

40.     Defendant Sala Investment Limited Partnership ("Sala Partnership") is a Maryland partnership which arranged for the disposal of hazardous substances at the Site.

Hazardous substances of the types associated with operations on Sala Partnership's property were found at the Site.

41.    Defendant Sala Investment, LLC ("Sala LLC") is a Maryland Limited Liability Corporation which arranged for the disposal of hazardous substances which migrated to the Site. Hazardous substances of the types associated with operations on Sala LLC's property were found at the Site.

42.    Defendant BP Products North America Inc. ("BP Products") is a Maryland corporation which arranged for the disposal of hazardous substances at the Site.  Hazardous substances of the types associated with operations on BP Products' property were found at the Site.

43.    Defendant Constellation Power Source Generation, LLC is a Delaware Limited Liability Company which is a related company and successor-in-interest to BG&E, which arranged for disposal of hazardous substances at the Site.  Hazardous substances of the types associated with BG&E's operations have been found at the Site.

44.    Defendant General Electric Company ("GE") is a New York corporation which operated a facility which arranged for the disposal of hazardous substances at the Site. Hazardous substances of the types associated with GE's operations were found at the Site.

45.    Defendant Locke Insulators, Inc. ("Locke") is a Delaware corporation which operated a facility which arranged for the disposal of hazardous substances at the Site. Hazardous substances of the types associated with Locke's operations were found at the Site.

## GENERAL ALLEGATIONS

46.     The Site includes a former waste disposal facility known as the 68th Street Dump.

47.     The 68th Street Dump is situated in Baltimore County crossing the border with Baltimore City in Rosedale, Maryland, and includes five separate waste disposal areas, known as the "Unclaimed Landfill"," the "Horseshoe Landfill", the "Colgate Pay Dump Landfill", the "Redhouse Run Landfill", and the "Island Landfill", that occupy approximately 239 acres. The Site spans across Interstate Route 95 (I-95), and its boundaries are delineated by the CSX rail lines to the north, Herring Run and Amtrak and Norfolk Southern rail lines to the south, and Redhouse Run and Herring Run to the east.

48.     From approximately 1953 until approximately 1971, various areas within the Site were used for disposal of a large volume of municipal and industrial wastes, including wastes containing hazardous substances.   Types of wastes found at the Site include, but are not limited to: paint, paint thinner, waste oils, greases, boiler waste, used rags, scrap metal, rubber, metal, plastic, glass, ash, shingles, wire, wood, and pesticides.

49.     EPA proposed the Site for the National Priorities List ("NPL") in January 1999 and re-proposed the Site in April 2003, before assessing the Site under the Superfund Alternative Site ("SAS") process.[2]

50.     EPA entered into an Administrative Settlement and Order on Consent ("ASAOC") in May 2006 with twenty-four settling parties to perform a Remedial Investigation / Feasibility Study ("RI/FS") for the Site.   The RI/FS was completed in March, 2013.

---

[2] Under the SAS process, sites may not be finalized on the NPL.  However, the SAS process uses the same process and standards for investigation and cleanup as used for sites on the NPL.

51.     In 2008, pursuant to another ASAOC, a group of eighteen settling parties conducted an early removal action to remove some contaminated surface soils, containers, gas cylinders, empty drums, and batteries.  This removal action was completed in December 2008.

52.     During the Remedial Investigation ("RI"), numerous hazardous substances were detected in soil, sediment, leachate and groundwater at and near the Site: benzo(a)anthracene; naphthalene, PCBs, arsenic, cadmium, total chromium, iron, lead, acetone, dioxin and furan compounds, nickel, benzo(b)fluoranthene, idenol(1,2,3-Cd)pyrene, cobalt, selenium, dieldrin, benzene, tetracholorethylene, vinyl chloride, barium, manganese, mercury, ethylbenzene; 1,2,4, trimethylbenzene; benzo(a)pyrene; benzo(a)anthracene; ammonia; nitrogen; nitrate-nitrite; Thallium; total xylenes, toluene, copper; zinc; acetone; trichloroethane; cyanide; ammonium chloride, ammonium hydroxide, dithyl ketone; formaldehyde; and hydrochloric acid.

53.     During the RI, nitrite, arsenic, chromium, benzene, trichloroethane, and lead were detected at levels that exceed Maximum Contaminant Levels established for those substances pursuant to the Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.*

54.     A Risk Assessment conducted as part of the Remedial Investigation indicated that the Site posed a risk to human health through contact with soils and potential contact with and consumption of groundwater.

55.     On or about September 30, 2013, U.S. EPA issued a record of decision ("ROD") selecting a remedy which treats the entire Site as a single Operable Unit which shares a set of common elements.  The Selected Remedy divides the Site into five "Management Areas" (MAs)

identified as MA-A, MA-B, MA-D, MA-E, and MA-F.   Certain elements of the remedy are

common to all of the MAs, including but not limited to:

- Recycling or on-Site disposal of non-hazardous surface debris, and off-site disposal of hazardous debris;

- Passive venting of landfill gas and evaluating all new structures for impacts from vapors;

- Construction of access barriers and implementation of a Site security program;

- Implementation of institutional controls, including environmental covenants and zoning restrictions to limit future use.  Restrictions include precluding any future use of the Site for residential use, and prohibiting subsurface disturbance and use of groundwater; and

- Establishment of monitoring and maintenance programs.

56.     In addition to the elements of the Selected Remedy which are common to all the

MAs, each MA has its own additional elements, including but not limited to:

i.       MA-A:  Removal of surface water from the tire pond, and excavation and

off-Site disposal of sediment from the tire pond and backfilling with topsoil;

ii.      MA-B:  Construction of a soil cover over the landfill and re-vegetation

with native species; installation of a collection trench; conveyance of leachate and

groundwater to a sanitary sewer for treatment at a wastewater treatment facility;

treatment of leachate and groundwater by enhanced wetlands in certain areas; and

14

extraction, to the maximum extent practicable, and recycling or treating and disposing of the oily free-product;

iii.    MA-D:  Construction of a soil cover over the landfill and revegetation with native species; treatment of leachate and groundwater by constructing enhanced wetlands surrounding Horseshoe Pond and the adjacent wetland; and planting deep-rooted vegetation along the stream bank next to Herring Run;

iv.    MA-E:  Excavation of surface soils in some locations; enhancement of existing soil cover; repair of eroded areas; removal of some surface water, extraction and recycling or disposal of oily free-product; and construction of a biowall to reduce product migration;

v.    MA-F:  Construction of a soil cover over the landfill and re-vegetation with native species; installation of a collection trench parallel to Redhouse Run; conveyance of leachate and groundwater to a sanitary sewer; removal of surface water from Horseshoe Pond; excavation of sediment from Horseshoe Pond and adjacent wetlands, as well as areas that exceed certain contamination limits; and stabilization of distressed, eroded, and scoured stream banks.

## FIRST CLAIM FOR RELIEF
### (Response Costs)

57.    The allegations contained in Paragraphs 1-56 are re-alleged and incorporated by reference herein.

58.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-

&ast;  &ast;  &ast;  &ast;

(1)  the owner and operator of a vessel or a facility,

(2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3)  any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4)  any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . or sites selected by such person, . . .

from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

59.  The disposal of wastes at the Site constitutes a release of hazardous substances within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

60.  The actions taken by the United States and the State of Maryland in connection with the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and the United States and the State of Maryland have incurred response costs in connection with such response actions.

61.  Defendants are liable under CERCLA Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) for the response costs incurred by the United States and the State of Maryland.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Under CERCLA Section 113(g)(2))

62.    The allegations contained in Paragraphs 1-61 are re-alleged and incorporated by reference herein.

63.    CERCLA Subsection 113(g)(2), 42 U.S.C. § 9613(g)(2), specifies that in any action for recovery of costs under CERCLA Section 107, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs . . . ."

64.    The United States and the State of Maryland will continue to incur response costs associated with the Site, including governmental enforcement costs that are recoverable as response costs under CERCLA.

65.    The United States and the State of Maryland are entitled to entry of a declaratory judgment that Defendants are jointly and severally liable to the United States and the State of Maryland for future response costs incurred by the United States and the State of Maryland in connection with the Site, to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan.

## THIRD CLAIM FOR RELIEF
### (Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

66.    The allegations contained in Paragraphs 1-65 are re-alleged and incorporated herein by reference.

67.     U.S. EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from the Site.

68.     Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendants are subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site.

## FOURTH CLAIM FOR RELIEF
### (Natural Resource Damages)

69.     The allegations contained in Paragraphs 1-68 are re-alleged and incorporated herein by reference.

70.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> *        *        *        *
>
> (1)    the owner and operator of a vessel or a facility,
>
> (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4)    any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities . . . or sites selected by such person, . . .

from which there is a release, or a threatened release which causes the incurrence

of response costs, of a hazardous substance, shall be liable for—

> damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release.

71.     The release or threatened release of hazardous substances at and from the Site has

caused injury to, destruction of, or loss of "natural resources" within the meaning of Section

101(16) of CERCLA, 42 U.S.C. § 9601(16).

72.     NOAA and DOI are federal agencies that have been designated as Natural

Resource Trustees pursuant to CERCLA Section 107(f)(2), 42 U.S.C. § 9607(f)(2), and Subpart

G of the NCP, 40 C.F.R. § 300.600.  MDNR and MDE are state agencies that have been

designated as Natural Resource Trustees pursuant to CERCLA Section 107(f)(2), 42 U.S.C. §

9607(f)(2), Subpart G of the NCP, 40 C.F.R. § 300.605, and applicable State law.  Applicable

state law includes Section 1-101 of the Natural Resources Article and Sections 4-402, 4-405, and

7-206 of the Environment Article, Annotated Code of Maryland.

73.     The federal and State Trustees have incurred costs assessing the injury,

destruction, or loss to natural resources and their services, as well as required restoration to

restore, replace, or acquire the equivalent of such resources in accordance with Section 107(f)(1)

of CERCLA, 42 U.S.C. § 9607(f)(1),

74.     Pursuant to Sections 107(a) and (f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and

(f)(1), each Defendant is jointly and severally liable to the United States and the State of

Maryland for injury to, destruction of, or loss of natural resources, including the reasonable costs

of assessing such injury, destruction, or loss resulting from actual or threatened releases of

hazardous substances at and from the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and State of Maryland, pray that this Court:

1. Enter judgment in favor of the United States and the State of Maryland and against the Defendants for all costs, including prejudgment interest, incurred by the United States and the State of Maryland for response actions and natural resource damages and assessment costs in connection with the Site and not otherwise reimbursed;

2. Enter a declaratory judgment that the Defendants are liable for all future response costs and natural resource damages and assessment costs incurred by the United States and the State of Maryland in connection with the Site;

3. Enter a declaratory judgment that the Defendants are liable for injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site;

4. Award the United States and the State of Maryland their costs of this action; and

5. Grant such other and further relief as this Court deems to be just and proper.

Respectfully submitted,


FOR THE UNITED STATES OF AMERICA


JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice




KATHERINE L. VANDERHOOK-GOMEZ, Bar No. NY 4148060
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel:     202-514-3900
Email: katherine.vanderhook-gomez@usdoj.gov

21

FOR THE STATE OF MARYLAND

BRIAN E. FROSH
Attorney General of Maryland


By: _____
JENNIFER L. WAZENSKI
Federal Bar No. 12564
jennifer.wazenski@maryland.gov
Assistant Attorney General
Maryland Department of Natural Resources
580 Taylor Ave., Suite C-4
Annapolis, Maryland 21401
T: (410) 260-8350
F: (410) 260-8364

By: _____
MATTHEW ZIMMERMAN
Federal Bar No. 01222
matthew.zimmerman@maryland.gov
Assistant Attorney General
Maryland Department of the Environment
1800 Washington Blvd., Suite 6048
Baltimore, Maryland 21230
T: (410) 537-3452
F: (410) 537-3943